IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-3181-SEM-TSH |
| ) | |
| JOSEPH FELCHNER, and ELLEN ) | |
| SWEENEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Now comes the defendant, JOSEPH FELCHNER, by and through his undersigned attorneys, PIERCE LAW FIRM, P.C., and for his Memorandum In Support of his Motion for Summary Judgment, states as follows:

Defendant arrested plaintiff on August 10, 2018 for driving a stolen vehicle. Under the undisputed facts of this case, the police officer had probable cause which prevents any liability from attaching.

**FACTS**

Officer Felchner was on patrol when he saw the car driven by the plaintiff. He ran the license plates and was advised that the vehicle was in the system as stolen. See Affidavit of Felchner attached hereto as well as the incident report and radio recording. Felchner at that point had probable cause to arrest the plaintiff. He went one step further, however, and contacted co-defendant Sweeney to verify the information. Officer Felchner was advised that the information was correct and that the vehicle was stolen and the registration revoked.

The inquiry ends there. Clearly as a matter of law, Officer Felchner had probable cause to make the arrest. The proper standard is an objective one, judging whether a reasonable police

officer had reasonable grounds to believe that an offense was committed. *Davis v. Temple*, 284 Ill.App.3d 983, 673 N.E.2d 737 (5th Dist. 1996); *Hernandez v. Sheahan*, 455 F.3d 772 (7th Cir. 2006); *Beauchamp v. City of Noblesville, Indiana*, 320 F.3d 733 (7th Cir. 2003). If probable cause exists, all of plaintiff's claims fail. The law allows police officers to rely on information provided to them.

"Probable cause is an absolute defense to a claim of wrongful arrest asserted under §1983 against a police officer." *Chelios v. Heavener*, 520 F.3d 678, 685-86 (7th Cir. 2008). "A police officer has probable cause to arrest 'if at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown that the suspect has committed . . . an offense.'" 520 F.3d at 686.

The officer is under no legal obligation at that point to conduct any further investigation nor to consider any potential exculpatory evidence. As the courts have stated:

> First, criminal suspects frequently protest their innocence, and a suspect's denial of guilt generally is not enough to trigger a duty to investigate in the face of a reasonably believable witness and readily observable events. Second, once an officer learns sufficient trustworthy information establishing probable cause, he is entitled to rely on what he knows in pursuing charges or an arrest, and is under no further duty to investigate. *Dakhlallah v. Zima*, 42 F. Supp. 3d 901, 912 (N.D. Ill. 2014) (citing *Beauchamp v. City of Noblesville*, 320 F.3d 733, 744 (7th Cir. 2003).

The defendant, "as an arresting officer, is entitled to act on the basis of inculpatory evidence without trying to tote up and potentially weigh all exculpatory evidence". *Dakhlallah*, 42 F. Supp. 3d at 913, citing *Hernandez v. Sheahan*, 455 F.3d 722, 775 (7th Cir. 2006). The Constitution permits police to initiate the criminal process and leave the sifting of competing claims and inferences to detectives, prosecutors, judges, and juries in the criminal prosecution. *Dakhlallah*, 42 F. Supp. 3d at 909, citing *Askew v. City of Chicago*, 440 F.3d 894, 896 (7th Cir. 2006).

In the alternative, even if there is a question as to whether probable cause existed, the officer is still entitled to qualified immunity. Qualified immunity shields law enforcement officers, acting in their official capacity, from a suit for damages if "a reasonable police officer could have believed [plaintiff's arrest] to be lawful in light of clearly-established law and the information the [arresting] officers possessed". *Hunter v. Bryant*, 502 U.S.2d 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). This is often referred to as "arguable probable cause". *Jones v. Clark*, 630 F.3d 677, 684 (7th Cir. 2011). Arguable probable cause exists when a reasonable officer could *mistakenly* have believed that he had probable cause to make the arrest. *Jones*, 630 F.3d at 684. To determine whether conduct violates clearly established law, the plaintiff must first show that the law was clear in relation to the facts confronting the individual at the time the individual acted. *Apostol v. Landau*, 957 F.2d 334, 341 (7th Cir. 1992). Second, the defendants' conduct must be evaluated as to its objective legal reasonableness. Police officers are entitled to qualified immunity if a reasonable officer could have believed probable cause existed to arrest the plaintiff given the circumstances. *Edwards v. Cabrera*, 58 F.3d 290, 292 (7th Cir. 1995). Under the facts as recited above, it is objectively reasonable that the officers could have believed probable cause to exist and thus they are entitled to qualified immunity

Clearly, all of Officer Felchner's conduct comported with the law. He inquired of his in-car computer as to the validity of the plates on the plaintiff's vehicle. The electronic data system advised that the vehicle was listed as stolen. While he could have ended his inquiry right there and made the arrest, he went further, contacting the actual investigating officer who confirmed that the vehicle was considered stolen and the registration and title revoked. Officer Felchner clearly had probable cause to make the arrest and, as such, cannot be held liable.

WHEREFORE, the defendant, JOSEPH FELCHNER, prays that this Court enter an order granting summary judgment in his favor and against the plaintiff and for such other equitable relief as this Court deems just and proper.

    Attorney for Defendant, JOSEPH FELCHNER

    By:  PIERCE LAW FIRM, P.C.

    s/Charles A. Pierce
    One of His Attorneys

Charles A. Pierce, #06208106
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL  62226
Ph. 618-277-5599
Fax: 618-239-6080
cpierce@piercelawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I electronically filed a MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT on behalf of the defendant, JOSEPH FELCHNER, with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Shannon Lynn Fruth
ILLINOIS ATTORNEY GENERAL
500 S Second St
Springfield, IL 62706
sfruth@atg.state.il.us
gls@atg.state.il.us
*Attorney for Defendant, Ellen Sweeney*

I hereby further certify that on October 28, 2019, I mailed by United States Postal Service, the document to the following non-registered participant:

Andrew White, *Pro Se*
1751 North Grand Ave West, Lot #101
Springfield, IL  62702

        Respectfully submitted,

        s/CHARLES A. PIERCE
        Pierce Law Firm, P.C.
        #3 Executive Woods Court, Suite 200
        Belleville, IL  62226
        Phone: (618) 277-5599
        Fax: (618) 239-6080
        E-mail:  cpierce@piercelawpc.com
        Attorney Bar Number #06208106