## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-03181-SEM-TSH ) |
| JOSEPH FELCHNER and ELLEN SWEENEY, | ) ) ) ) |
| Defendants. | ) |

### MOTION FOR SANCTIONS PURSUANT TO FED. R. 37(d)

NOW COMES Defendant, ELLEN SWEENEY, by and through her attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Fed. R. Civ. P.37(d) moves for sanctions in the form of dismissal of this matter with prejudice, stating as follows:

1.  This Court should sanction Plaintiff in the form of dismissing this lawsuit with prejudice because of his failure to appear for his deposition.

2.  The court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition . . . ." Fed. R. Civ. Pro. 37(d).

3.  The sanctions a court may aware for failing to appear for a deposition include, *inter alia*, dismissing the action in whole. Fed. R. Civ. Pro. 37(d)(3); 37(b)(2)(A)(v).

4.  *Pro se* litigants, such as Plaintiff, must abide by the same rules as those litigants who are represented by counsel. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (*pro se* litigants are not "excused from compliance with procedural rules.").

5.  In order to warrant the sanction of dismissal, the preponderance of the evidence must show that acted or failed to act "with a degree of culpability that exceeds simple inadvertence or mistake." *Ramirez v. T&H Lemont Inc.*, 845 F.3d 772, 776, 781 (7th Cir. 2016).

6. Factors relevant to whether dismissal is warranted include "the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to other from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015) (dismissing case with prejudice because plaintiff twice failed to appear at her deposition and lying to the court) (citations omitted).

7. Dismissal is warranted in this case because Plaintiff has repeatedly avoided all attempts to schedule his deposition and did not respond to the certified mailing scheduling his deposition, as described below.

8. On September 16, 2020, Defendant Sweeney and Co-Defendant Felchner had a telephone conference with the Court regarding Defendant Sweeney's Motion to Amend the Court's Scheduling Order. Plaintiff Andrew White did not appear after "multiple attempts to reach him at the telephone number provided by Plaintiff." [Minute Entry, September 16, 2020]. Defendant Sweeney's motion in order to depose Plaintiff was granted. *Id.*

9. On September 17, 2020, the undersigned's secretary, Ashley Drowns ("Drowns"), spoke with Plaintiff Andrew White regarding scheduling a deposition. *See* Declaration of Ashley Drowns, attached hereto as Ex. A, ¶ 3. Plaintiff said that he would provide dates and times that would work for his deposition and that he would be in further contact. *Id.*

10. On September 23, 2020, Drowns called Plaintiff to follow up regarding the scheduling of his deposition. *Id*. at ¶ 4. Plaintiff stated that an attorney (who has not entered an appearance in this matter) should be contacting Drowns regarding the deposition. Drowns never heard from this person. This is the last time Drowns was able to reach Plaintiff. Ex. A, ¶ 4.

4.      On September 25, 2020, Drowns left a message for Plaintiff with the telephone number on record with the Court, as the alternative phone number Plaintiff had provided was not accepting phone calls. Ex. A, ¶ 5.

5.      On September 28, 2020, Drowns contacted Co-Defendant's counsel and secretary to obtain possible dates for Plaintiff's deposition. After hearing back from Co-Defendant as to an agreeable date for the deposition, Drowns again attempted to reach Plaintiff. After receiving no response, the undersigned directed Drowns to send notice of deposition to Plaintiff via certified mail on September 29, 2020, to Plaintiff's registered address with the Court. Ex. A, ¶¶ 6-7; Exhibit B.

6.      On October 15, 2020, Drowns called Plaintiff and left a message. Plaintiff needed to be contacted in order to send the Webex link via email so he could participate in the remote deposition. On October 19, 2020, and October 20, 2020, Drowns called Plaintiff again and left another voice message with each attempt. Ex. A, ¶ 8.

7.      On October 20, 2020, Drowns was directed to cancel the court reporter in order to avoid being charged as Plaintiff was not responsive to our repeated attempts to confer regarding the deposition. As a result, the deposition was cancelled because of Plaintiff's failure to cooperate. Ex. A, ¶ 9; Ex. C.

8.      Federal Rule of Civil Procedure 37 informs Plaintiff that he must cooperate in the taking of his deposition and also provides for sanctions against the Plaintiff, including the dismissal of the lawsuit, for his failure to cooperate in his deposition. Here, dismissal is warranted. Plaintiff has a pattern of disobeying the Court's orders. On December 11, 2019, Plaintiff failed to provide a telephone number in writing before a telephone conference. The Court located a telephone number on Plaintiff's Complaint and attempted unsuccessfully to call him twice at that number.

As a result, the telephone conference proceeded with defense counsel. [Minute Entry, December 11, 2019]. Plaintiff also failed to appear for a telephonic status conference ordered by the Court on September 16, 2020. [Minute Entry, September 16, 2020]. Now, Plaintiff is uncooperative for his own deposition, when he is supposed to be the one prosecuting his case. Defendant Sweeney has been prejudiced by Plaintiff's inexcusable behavior. Discovery closes today, October 30, 2020, and Plaintiff's deposition has not yet occurred. Additionally, dispositive motions are due November 16, 2020, and the undersigned does not have the testimony of Plaintiff to incorporate. The Office of the Attorney General has expended many resources trying to contact Plaintiff, all to no avail. Clearly Plaintiff's actions exceeds simple inadvertence or mistake.

9. Sanctions is alternatively available pursuant to the court's inherent authority. *See e.g. Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1028 (7th Cir. 2019). While this power must be exercised with restraint, (*see Chambers v. NASCO, Inc*. 501 U.S. 32, 44 (1991)), here the factual findings within the record, namely missing every telephone conference as mandated by the Court and refusing to be cooperative to schedule his own deposition, support such a finding.

10. Accordingly, Defendant Sweeney requests that Plaintiff be sanctioned with dismissal of this action with prejudice for his unwillingness to cooperate with his own deposition and for failure to prosecute his case.

WHEREFORE, Defendant Sweeney respectfully requests that this honorable Court grant their Motion and issue sanctions against Plaintiff for his refusal to participate in his deposition and any other relief the Court finds just and equitable.

        Respectfully submitted,

        ELLEN SWEENEY,

            Defendant,

        KWAME RAOUL, Attorney General
of the State of Illinois,

            Attorney for Defendant,

By:    s/Shannon Fruth
      Shannon Fruth, #6320635
      Assistant Attorney General
      500 South Second Street
      Springfield, Illinois 62701
      Phone: (217) 782-9014
      Fax: (217) 524-5091
      E-mail: sfruth@atg.state.il.us
            gls@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-cv-03181-SEM-TSH |
| | ) |
| JOSEPH FELCHNER and ELLEN SWEENEY | ) ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I caused a copy of the foregoing *Motion for Sanctions Pursuant to Fed. R. 37(d)* to be electronically efiled with the Clerk of the Court, which will send electronic notice of same to the following:

Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
cpierce@piercelawpc.com

and I certify that I mailed a copy of same by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following:

Andrew White
1751 North Grand Avenue West, Lot #101
Springfield, IL 62702

Respectfully submitted,

By: s/Shannon Fruth #63202635
Shannon Fruth, #6320635
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 782-9014
Fax: (217) 524-5091
E-mail: sfruth@atg.state.il.us
gls@atg.state.il.us