IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDREW WHITE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH FELCHNER and | )   No. 19-cv-3181 |
| ELLEN SWEENEY, | ) |
| | ) |
|    Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

This matter comes before the Court on Defendant Joseph Felchner's Motion for Summary Judgment (d/e 11). For the reasons stated below, Defendant's Motion for Summary Judgment (d/e 11) is DENIED.

## I. FACTS

As an initial note, both Plaintiff and Defendant Felchner filed their own supporting affidavits. See d/e 24-2 and 12-1. In Plaintiff's affidavit, Plaintiff swears to statements that were supposed to be supported by documentary evidence. See d/e 24-2, paras. 2-4. However, Plaintiff did not file any of the supporting

documents.  Therefore, the Court cannot rely on Paragraphs 2-4 of Plaintiff's Affidavit.  The following is a summary of the facts.

On July 31, 2019, Plaintiff Andrew White filed this cause of action against Defendants Ellen Sweeny, Illinois Secretary of State Police Investigator, and Joseph Felchner, Rochester Illinois Police Officer.  See d/e 1.  Plaintiff's Complaint raises the following claims against Defendant Sweeny: "deceptive practices, defamation of character, [and] police misconduct."  See d/e 1, p. 2.  Plaintiff alleges false arrest and police misconduct against Defendant Felchner.  Id.

On July 13, 2018, Plaintiff was issued a valid Illinois Registration Vehicle Card for a 1995 Mercury Marquis vehicle.  See Affidavit of Andrew White, d/e 24-2, p. 1.  On August 3, 2018, Defendant Ellen Sweeney, an Illinois Secretary of State investigator, contacted Plaintiff.  Id.  Defendant Sweeney requested the location a 1995 Mercury Marquis vehicle, which Christie L. Lofton had reported stolen.  Id.  Ms. Lofton was Plaintiff's former girlfriend.  Id.  Plaintiff told Defendant Sweeney that he had purchased the vehicle a month earlier, he had the title of the vehicle, and that he had possession of the vehicle.  Id.  Plaintiff also told Defendant Sweeney

that he and Ms. Lofton recently broke up and she was lying and acting out of anger. Id. at 2.

On August 10, 2018, Defendant Felchner was working for the Village of Rochester, Illinois, as a police officer. See d/e 12-1, p. 1. While on duty, Defendant Felchner searched in his computer database in his car a license plate of a maroon colored Mercury. Id. The search resulted in information that indicated the vehicle was stolen. Id. Defendant Felchner contacted the Sangamon County Dispatcher, who confirmed that the vehicle was stolen. Id. Defendant Felchner contacted the Sangamon County Dispatcher again and had the Dispatcher contact Defendant Sweeney. Id. Defendant Sweeney reported that the information was correct that the vehicle was reported stolen and the registration was revoked. See d/e 12, p. 1.

Plaintiff showed Officer Felchner his license, vehicle registration, and insurance card. See d/e 24-2, p. 2. The vehicle registration and insurance card reflected the vehicle being in Plaintiff's name. Id. Plaintiff had not received written notice of revocation of his vehicle title or registration at that time. Id.

Plaintiff was arrested by Defendant Felchner on charges of possession of a stolen vehicle as well as several other charges. See d/e 12-2, p. 4.

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). No genuine issue of material fact exists if a reasonable jury could not find in favor of the nonmoving party. Brewer v. Bd. of Trs. of the Univ. of Ill., 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016). The Court's role "is not to evaluate the weight of the evidence, to judge the credibility of the witnesses, or to determine the truth of the matter,

but instead to determine whether there is a genuine issue of triable fact." Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001).

### III. ANALYSIS

Defendant Felchner argues that he is entitled to summary judgment as a matter of law because probable cause existed, which warranted the arrest of Plaintiff. In the alternative, Defendant argues that he is entitled to qualified immunity if "arguable probable cause" existed. See d/e 12, p. 3. Plaintiff asks the Court to deny the motion as it is premature and asks the Court to allow Plaintiff to engage in discovery.

On November 9, 2020, the Court held a hearing in this case where the parties agreed to a date and time certain for Plaintiff's deposition, which is set to occur on December 4, 2020. With Plaintiff's deposition likely to go forward on December 4, 2020, the Court finds that Defendant Felchner's motion for summary judgment is premature at this time. Therefore, the Court denies Defendant Felchner's Motion for Summary Judgment (d/e 11). However, Defendant Felchner is granted leave to refile a motion for summary judgment after the parties have engaged in discovery.

The Court cautions both Defendant Felchner and Plaintiff that they must follow all federal and local rules, including Local Rule 7.1(D), when filing a motion for summary judgment or a response to a motion for summary judgment.  The Central District of Illinois' local rules can be found on the Court's website at https://www.ilcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.  If either Defendant in the case wishes to file a motion for summary judgment, undisputed material facts must be supported by documentary evidence.  See CDIL-LR 7.1(D)(1)(b).  Even though Plaintiff is pro se or seeking help of a lawyer, he must follow the rules listed in Local Rule 7.1(D)(2)(b) when responding to a motion for summary judgment.  Additionally, if Plaintiff references documentation in his response, he must file the documentation.  See CDIL-LR 7.1(D)(2)(b)(2) ("Each claim of disputed fact must be supported by evidentiary documentation referenced by specific page. Include as exhibits all cited documentary evidence not already submitted by the movant.").

## IV. CONCLUSION

At this time, Defendant Felchner's Motion for Summary Judgment (d/e 11) is DENIED with leave to refile as the motion is premature.

**ENTERED: November 12, 2020**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**