E-FILED
Tuesday, 05 January, 2021  11:59:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-3181-SEM-TSH |
| | ) | |
| JOSEPH FELCHNER, and ELLEN | ) | |
| SWEENEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Now comes the defendant, JOSEPH FELCHNER, by and through his undersigned attorneys, PIERCE LAW FIRM, P.C., and for his Memorandum In Support of his Motion for Summary Judgment, states as follows:

## INTRODUCTION

Plaintiff was arrested by defendant for driving a vehicle which had been reported as stolen. He brought this claim against Officer Felchner claiming an unlawful seizure in violation of his Fourth Amendment rights. Under the undisputed facts, the officer had probable cause and thus cannot be held liable. In the alternative, the officer is entitled to qualified immunity.

## UNDISPUTED MATERIAL FACTS

1.      Joseph Felchner is a police officer for the Village of Rochester, Illinois. See Exhibit A.

2.      On August 10, 2018, Officer Felchner was on duty in the Village of Rochester. See Exhibit A.

3.      Ellen Sweeney is an investigator with the Illinois Secretary of State Police. See Exhibit A.

4.      On August 10, 2018, Officer Felchner executed a traffic stop on plaintiff who at the time was driving a 1995 Mercury.  See Exhibit A.

5.      Prior to August 10, 2018, the owner of the vehicle reported this vehicle as stolen to Investigator Sweeney.  See Exhibit A.

6.      Prior to August 10, 2018, Investigator Sweeney had caused this vehicle to be listed in the Law Enforcement Data System (LEDS) as stolen.  See Exhibit A.

7.      Prior to August 10, 2018, Investigator Sweeney spoke with plaintiff and advised that the vehicle had been stolen.  See Exhibit C, pp. 42-43.

8.      Officer Felchner contacted Sangamon County dispatch to confirm the information showing on his computer that the vehicle was reported stolen.  See Exhibits A and B.

9.      Sangamon County dispatch contacted Secretary of State Police Investigator Sweeney who confirmed that the vehicle was considered stolen.  See Exhibits A and B.

10.     Investigator Sweeney personally got on the radio and spoke with Officer Felchner on August 10, 2018, confirming that the vehicle was listed as stolen.  See Exhibits A and B.

11.     White was taken into custody where he was charged with several offenses including possession of a stolen vehicle, driving with a revoked registration, failure to surrender a revoked registration, and operating a vehicle with a revoked title.  See Exhibit A.

## ARGUMENT

### I. OFFICER FELCHNER HAD PROBABLE CAUSE TO ARREST WHITE.

As a matter of law, Officer Felchner had probable cause to make the arrest.  The proper standard is an objective one, judging whether a reasonable police officer had reasonable grounds to believe that an offense was committed.  *Davis v. Temple*, 284 Ill.App.3d 983, 673 N.E.2d 737

(5th Dist. 1996); *Hernandez v. Sheahan*, 455 F.3d 772 (7th Cir. 2006); *Beauchamp v. City of Noblesville, Indiana*, 320 F.3d 733 (7th Cir. 2003).  If probable cause exists, all of plaintiff's claims fail. The law allows police officers to rely on information provided to them.

"Probable cause is an absolute defense to a claim of wrongful arrest asserted under §1983 against a police officer." *Chelios v. Heavener*, 520 F.3d 678, 685-86 (7th Cir. 2008).  "A police officer has probable cause to arrest 'if at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown that the suspect has committed . . . an offense.'"   520 F.3d at 686.

The officer is under no legal obligation at that point to conduct any further investigation nor to consider any potential exculpatory evidence.  As the courts have stated:

> First, criminal suspects frequently protest their innocence, and a suspect's denial of guilt generally is not enough to trigger a duty to investigate in the face of a reasonably believable witness and readily observable events.  Second, once an officer learns sufficient trustworthy information establishing probable cause, he is entitled to rely on what he knows in pursuing charges or an arrest, and is under no further duty to investigate. *Dakhlallah v. Zima*, 42 F. Supp. 3d 901, 912 (N.D. Ill. 2014) (citing *Beauchamp v. City of Noblesville*, 320 F.3d 733, 744 (7th Cir. 2003).

The defendant, "as an arresting officer, is entitled to act on the basis of inculpatory evidence without trying to tote up and potentially weigh all exculpatory evidence". *Dakhlallah*, 42 F. Supp. 3d at 913, citing *Hernandez v. Sheahan*, 455 F.3d 722, 775 (7th Cir. 2006).   The Constitution permits police to initiate the criminal process and leave the sifting of competing claims and inferences to detectives, prosecutors, judges, and juries in the criminal prosecution. *Dakhlallah*, 42 F. Supp. 3d at 909, citing *Askew v. City of Chicago*, 440 F.3d 894, 896 (7th Cir. 2006).

Further, it is constitutionally reasonable for the police officer to rely on information provided to him both by the computer data system and by Investigator Sweeney under the

"collective knowledge doctrine".  The knowledge of one officer is imputed to other officers when

they are in communication regarding a suspect.  See, e.g., *Rehr v. Vivo*, 656 F.3d 772, 777 (7th Cir.

2011).  The issue of probable cause is determined by looking at what a reasonable person in the

position of an officer actually knew, not any later-discovered information.  *Heywood v. City of*

*Chicago*, 378 F.3d 714, 717 (7th Cir. 2004).  See also, *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th

Cir. 2007).

Here, it is undisputed that prior to the date of this arrest, White's girlfriend contacted the

Secretary of State Police and reported her vehicle stolen.  Investigator Sweeney had that data

inputted into the computer system.  Had Officer Felchner simply relied on that, his actions were

constitutionally sufficient.  He, however, took one step further and made direct contact with

Investigator Sweeney to confirm that the information in the system was current.  The existence of

probable cause is an absolute defense to a claim for false arrest, false imprisonment, or malicious

prosecution.  *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989).

Plaintiff himself has acknowledged at his deposition that Officer Felchner was relying on

the data in the system (Exhibit C, pp. 51-52).  In this case, Officer Felchner did everything by the

book.  He handled the situation appropriately and clearly had probable cause for the actions he

took.  As such, he cannot be held civilly liable.

## II.  OFFICER FELCHNER IS PROTECTED BY THE DOCTRINE OF QUALIFIED IMMUNITY.

In the alternative, even if there is a question as to whether probable cause existed, the

officer is still entitled to qualified immunity.  Qualified immunity shields law enforcement officers,

acting in their official capacity, from a suit for damages if "a reasonable police officer could have

believed [plaintiff's arrest] to be lawful in light of clearly-established law and the information the

[arresting] officers possessed".  *Hunter v. Bryant*, 502 U.S.2d 224, 227 (1991) (quoting *Anderson*

*v. Creighton*, 483 U.S. 635, 641 (1987)).  This is often referred to as "arguable probable cause".  *Jones v. Clark*, 630 F.3d 677, 684 (7ᵗʰ Cir. 2011).  Arguable probable cause exists when a reasonable officer could *mistakenly* have believed that he had probable cause to make the arrest.  *Jones*, 630 F.3d at 684.  To determine whether conduct violates clearly established law, the plaintiff must first show that the law was clear in relation to the facts confronting the individual at the time the individual acted.  *Apostol v. Landau*, 957 F.2d 334, 341 (7ᵗʰ Cir. 1992).  Second, the defendants' conduct must be evaluated as to its objective legal reasonableness.  Police officers are entitled to qualified immunity if a reasonable officer could have believed probable cause existed to arrest the plaintiff given the circumstances.  *Edwards v. Cabrera*, 58 F.3d 290, 292 (7ᵗʰ Cir. 1995).  Under the facts as recited above, it is objectively reasonable that the officers could have believed probable cause to exist and thus they are entitled to qualified immunity

Clearly, all of Officer Felchner's conduct comported with the law.  He inquired of his in-car computer as to the validity of the plates on the plaintiff's vehicle.  The electronic data system advised that the vehicle was listed as stolen.  While he could have ended his inquiry right there and made the arrest, he went further, contacting the actual investigating officer who confirmed that the vehicle was considered stolen and the registration and title revoked.  Officer Felchner clearly had probable cause to make the arrest and, as such, cannot be held liable.

WHEREFORE, the defendant, JOSEPH FELCHNER, prays that this Court enter an order granting summary judgment in his favor and against the plaintiff and for such other equitable relief as this Court deems just and proper.

Attorney for Defendant, JOSEPH FELCHNER

By:  PIERCE LAW FIRM, P.C.

s/Charles A. Pierce
One of His Attorneys

Charles A. Pierce, #06208106
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL  62226
Ph. 618-277-5599
Fax: 618-239-6080
cpierce@piercelawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2021, I electronically filed a MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT on behalf of the defendant, JOSEPH FELCHNER, with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Shannon Lynn Fruth
ILLINOIS ATTORNEY GENERAL
500 S Second St
Springfield, IL 62706
sfruth@atg.state.il.us
gls@atg.state.il.us
*Attorney for Defendant, Ellen Sweeney*

I hereby further certify that on January 5, 2021, I mailed by United States Postal Service, the document to the following non-registered participant:

Andrew White, *Pro Se*
1751 North Grand Ave West, Lot #101
Springfield, IL  62702

Respectfully submitted,

s/CHARLES A. PIERCE
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL  62226
Phone: (618) 277-5599
Fax: (618) 239-6080
E-mail:  cpierce@piercelawpc.com
Attorney Bar Number #06208106

6