## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-03181-SEM-TSH |
| JOSEPH FELCHNER and ELLEN SWEENEY, | ) ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT

I, Ellen Sweeney, state that I have personal knowledge of the statements contained in this affidavit that I am over 21 years of age and of sound mind and body, and if called to testify, I would testify as follows:

1. At all times relevant to this case, I was employed as an Investigator by the Illinois Secretary State.

2. On or around August 1, 2018, I was assigned to an investigation regarding a possible stolen vehicle.

3. On August 2, 2018, I spoke with Christine Lofton, who initiated the complaint regarding the red 1995 Mercury Grand Marquis she believed to be stolen by the Plaintiff. Lofton presented me with a receipt for the purchase of the vehicle and a copy of the Springfield police report in which Lofton reported the vehicle stolen.

4. I examined Lofton's title application and title, and the title Plaintiff submitted which allegedly contained Lofton's signature. Based on sixteen years of experience, I believed Lofton's signature to be forged on the title application Plaintiff submitted.

5. On August 2, 2018, I requested that the vehicle's title and license plates be revoked.

6. On August 3, 2018, I went to Plaintiff's address in Chatham, where his mother was

currently residing. Plaintiff's mother indicated that Plaintiff did not reside at the address. I left my business card with Plaintiff's mother and told her to have Plaintiff call me.

7. About 10 minutes later, the Plaintiff contacted me by telephone. Plaintiff did not understand why I was calling, and I explained that that the call was regarding the Mercury. I told him there was a discrepancy with the ownership of the vehicle and that I would need to see his ownership documents. Specifically, I requested that he show me documents that he purchased the vehicle and whom he purchased the vehicle from. Plaintiff disagreed that he need to comply with my request for purchase documents. I asked him to meet with me to discuss. Plaintiff indicated that he would be agreeable to meet with me on Saturday, August 4, 2018, at the Chatham Police Department at 10:00am. On this phone call, the Plaintiff indicated that he worked at JBS in Beardstown.

8. I received a second phone call from Plaintiff about an hour later and he said that he knew there was a warrant out for him and that he would not be meeting with me. I instructed Plaintiff that if he chose not to meet with me, the vehicle would be entered as stolen.

9. Based on a totality of the circumstances, including Plaintiff's refusal to demonstrate ownership of the vehicle, I entered the vehicle in LEADS as stolen.

10. After learning from Plaintiff that there was an active warrant for his arrest, I ran Plaintiff's information in LEADS which indicated that there was an active warrant from the Sangamon County State's Attorney Office for Plaintiff's arrest for theft of the vehicle.

11. I called the Cass County Sheriff's office to see if a deputy or Beardstown police officer could check the JBS parking lot for the vehicle. Beardstown police checked the JBS parking lots and could not locate the vehicle. I was told by the Beardstown police that the

Plaintiff had been fired and had not been in the facility since July 27, 2018.

12. On August 6, 2018, I received another phone call from the Plaintiff. He advised that he had a contact at the State's Attorney's office and that his active warrant was quashed. I learned later that the other warrant was indeed quashed. I told him that then he was free to meet with me and provide the ownership documents for the vehicle that I had previously requested. Plaintiff stated that he had the title and that was all he needed. However, the Illinois Secretary of State never issued Plaintiff a title for the vehicle.

13. During the August 6, 2018 call, I informed Plaintiff that I was aware that he was no longer working at JBS, and Plaintiff became agitated.

14. I then instructed Plaintiff to meet with me so the vehicle would not be considered stolen. Plaintiff began yelling and using profanity. I ended the call.

15. On August 10, 2018, I received a phone call from Lofton. I told Lofton that the vehicle was entered into LEADS as stolen and that the Plaintiff refused to provide ownership documents.

16. Around 3:30 p.m. on August 10, 2018, I heard Rochester Police SG742 run Plaintiff's license plate through the Sangamon County dispatch. Sangamon County dispatch advised Officer Felchner that the vehicle was stolen.

17. I confirmed to dispatch that the Plaintiff was aware that the vehicle was stolen and that Plaintiff and I had been in contact.

18. I personally got on the radio and spoke with Officer Felchner and confirmed that the vehicle was listed as stolen.

THE AFFIANT SAYS NOTHING FURTHER.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the foregoing affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

BY: _Ellen M Sweeney_   DATE: FEB 23, 2021

Ellen Sweeney