E-FILED
Monday, 10 May, 2021 03:59:59 PM
Clerk, U.S. District Court, ILCD

FILED

MAY 07 2021

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| ANDREW WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-03181-SEM-TSH |
| | ) | |
| JOSEPH FELCHNER and ELLEN | ) | |
| SWEENEY | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO FILE RESPONSE AND MEMORANDUM
IN OPPOSITION TO DEFENDANT SWEENEY'S
MOTION FOR SUMMARY JUDGMENT, INSTANTER**

NOW COMES the Plaintiff, Andrew White, and in support of his Motion To File

Response and Memorandum in Opposition To Defendant Sweeney's Motion For Summary

Judgment, states as follows:

1. Plaintiff was granted an extension of time through April 18, 2021 to file a

Response To Defendant Sweeney's Motion For Summary Judgment.

2. Plaintiff is of limited resources and has been unable to retain an attorney to assist

him to file timely in this cause.

3. Plaintiff submits herewith his Response and Memorandum in Opposition To

Defendant Sweeney's Motion For Summary Judgment.

WHEREFOR, Plaintiff, Andrew White prays this Court for leave to file his Response and

Memorandum in Opposition To Defendant Sweeney's Motion For Summary Judgment Instanter.

Andrew White, Plaintiff

By: _Andrew White_
ANDREW WHITE

ANDREW WHITE
1751 N. GRAND AVE.
WEST LOT 101
SPRINGFIELD, IL 62702

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the following persons at the addresses hereinafter shown on_____ May_____, 2021, by:

_____✓_____  U.S. Mail, by enclosing the same in an envelope with first class postage fully prepaid, addressed as shown below and depositing same in the United States Post Office in Jacksonville, Illinois.

_____ Certified/Return Receipt Requested          _____ FAX - No. _____

_____ Hand Delivery                                        _____ Overnight Courier

_____ Federal Express                                     _____ Other _Email_____

Ms. Shannon Lynn Fruth
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706
sfruth@atg.state.il.us

Mr. Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
cpierce@piercelawpc.com

_____for_ Andrew White _____
                ANDREW WHITE

ANDREW WHITE, Pro Se
1751 NORTH GRAND AVE. WEST, LOT 101
SPRINGFIELD, IL 62702

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

ANDREW WHITE,            )
                                )
          Plaintiff,         )
                                )
      v.                      )       No. 3:19-cv-03181-SEM-TSH
                                )
JOSEPH FELCHNER and ELLEN    )
SWEENEY                    )
                                )
          Defendants.      )

**RESPONSE TO DEFENDANT SWEENEY'S MOTION
FOR SUMMARY JUDGMENT**

NOW COMES Andrew White, pro se Plaintiff, and in Response To Defendant

Sweeney's Motion For Summary Judgment, states as follows:

1.      Plaintiff admits paragraph 1 of the Motion.

2.      Plaintiff denies paragraph 2 of the Motion.

3.      Plaintiff denies paragraph 3 of the Motion.

4.      Attached hereto and incorporated herein is a Memorandum of Law in support of

Plaintiff's Response.

WHEREFOR, Plaintiff, Andrew White prays this Court to deny Defendant Sweeney's

Motion For Summary Judgment and for a trial on the merits of Plaintiff's Complaint.

Andrew White, Plaintiff

By: _Andrew White_
        ANDREW WHITE

ANDREW WHITE
1751 N. GRAND AVE.
WEST LOT 101
SPRINGFIELD, IL 62702

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the

following persons at the addresses hereinafter shown on_____ May_____, 2021, by:


___✓___   U.S. Mail, by enclosing the same in an envelope with first class postage fully prepaid, addressed as shown below and depositing same in the United States Post Office in Jacksonville, Illinois.

_____   Certified/Return Receipt Requested        _____ FAX - No. _____

_____   Hand Delivery                             _____ Overnight Courier

_____   Federal Express                           _____ Other _Email_____

Ms. Shannon Lynn Fruth
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706
sfruth@atg.state.il.us

Mr. Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
cpierce@piercelawpc.com

_Andrew White_____
ANDREW WHITE


ANDREW WHITE, Pro Se
1751 NORTH GRAND AVE. WEST, LOT 101
SPRINGFIELD, IL 62702

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDREW WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-03181-SEM-TSH |
| | ) | |
| JOSEPH FELCHNER and ELLEN | ) | |
| SWEENEY | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT SWEENEY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Andrew White, pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this Memorandum of Law in Opposition to Defendant Sweeney's Motion For Summary Judgment, as follows:

**INTRODUCTION**

Plaintiff has filed suit against Defendant, Ellen Sweeney, Secretary of State Investigator, and, Joseph Felchner, Rochester police officer alleging a violation of his civil rights by reason of his false arrest. Plaintiff asserts that his title and registration to a 1995 Mercury Marquis he purchased from his ex-girlfriend were improperly revoked, and his vehicle improperly entered in LEADS as stolen leading to his unlawful arrest for theft, his car impoundment, and, that no reasonable person would have found probable cause to have acted as the Defendant. Plaintiff asserts that he was damaged as a result thereof.

Plaintiff asserts that Defendant Sweeney lacked probable cause to report Plaintiff's car as stolen and despite her knowledge that Plaintiff had a viable claim of ownership of the vehicle, revoked Plaintiff's registration and title and entered the vehicle into LEADS as stolen, leading to Plaintiff's arrest. Plaintiff further asserts that Plaintiff's claim is not barred by the privilege of qualified immunity, as Defendant Sweeney's actions were palpably unreasonable.

## STATEMENT OF FACTS

Plaintiff had been in a dating relationship with Christine Lofton for over 20 years and he and his two minor children co-habited with Christine Lofton and her daughter at her house in Rochester, Illinois, for over a year prior to their separation.  On June 5, 2018, Lofton purchased a 1995 Mercury Marquis automobile.  Plaintiff obtained employment with JBS of Beardstown, Illinois, and consensually drove the 1995 Mercury Marquis back and forth to work and had the only key.  On July 10, 2018, Plaintiff purchased the vehicle from Lofton for $1,000.  The title was signed by Christine Lofton as Seller and Plaintiff as Buyer.  Plaintiff submitted an application for new title to the Illinois Secretary of State on July 13, 2018.  Plaintiff was issued a registration certificate for the vehicle and obtained insurance coverage on it in his name.

On July 19, 2018, Plaintiff and Lofton got into a heated argument. Plaintiff decided to take his children and personal property and leave the premises until Lofton cooled down. Plaintiff called the Rochester police to oversee his peaceful removal of his personal property, loading up a U-Haul with his personalty.  Plaintiff came back later that evening to obtain his 1995 Mercury Marquis while Lofton was at work.

Lofton waited six days until July 25, 2018 and filed a police report with the Springfield Police Department reporting that she had not received her title from the Secretary of State and that Plaintiff "may have" taken it from her mailbox.  Defendant Sweeney, by Affidavit states that she spoke to Lofton August 2, 2018, who initiated a complaint on the 1995 Mercury Marquis which "she believed to be stolen" by the Plaintiff.  Lofton also gave the Springfield police report to Defendant Sweeney and Defendant Sweeney was notified that the Springfield Police Department had not entered the vehicle as stolen on LEADS.

Lofton provided Defendant with a receipt for purchase of the vehicle. Defendant examined the title application and title and determined "based on her 16 years of experience" that Lofton's signature was forged.

Defendant Sweeney requested the vehicle's title and license plates be revoked the same day.  Only then did she make an effort to contact Plaintiff.  Plaintiff initially agreed to meet with Defendant Sweeney, but after speaking with the Sangamon County State's attorney's office, changed his mind.  Defendant Sweeney then advised Plaintiff that if he did not meet with her she would enter the vehicle in LEADS as stolen.  Plaintiff told her to do what she had to do.

## ARGUMENT

The Sangamon County State's attorney ultimately dismissed all charges against Plaintiff, treating the controversy between he and his ex-girlfriend as it was, a civil case.  It is significant that Plaintiff and Lofton were in a long-term domestic relationship and have lived together for over a year prior to the alleged theft.  This was not a situation as between strangers where one would have expected the parties to formalize a purchase between them.

Lofton reported only "believing" that Plaintiff may have taken her title from her mailbox. But she waited 6 days after Plaintiff removed the vehicle from her premises before doing so.  If Lofton had not sold the vehicle and expected Plaintiff to remove it with the rest of his property, she would have surely contacted the police immediately upon her return from work.

Lofton's receipt for purchase predated Plaintiff's application for new title by about 45 days.  That only established that she was a prior owner of the vehicle.  Defendant Sweeney obtained the file August 1, spoke to Lofton on August 2, examined the police report Lofton had made, which really added nothing to the question of probable cause, and, after examining the application for title, determined that Lofton's signature was forged, and revoked both the plates and registration without even speaking to Plaintiff.

Defendant Sweeney's sole claim to expertise in determining forgery of Lofton's signature was her 16 years of experience. That is simply an insufficient foundation with which to have revoked Plaintiff's plates and registration and then enter the vehicle into LEADS as stolen. She has wholly failed to state the basis for her opinion, her history of education or training in identifying forged documents, her rate of success in determining forged documents and the like.

While Plaintiff refused to meet with Defendant Sweeney, it is clear that her mind was already made up. Nothing short of a signed Receipt and Bill of Sale would have satisfied her, and even from those, she may have determined the documentation forged without consulting a handwriting expert.

On August 6, 2018, Lofton called Defendant Sweeney and advised her the warrant was being withdrawn following his conversation with the Sangamon County State's attorney's office. Nonetheless, Defendant Sweeney refused to remove the report from the LEADS system resulting in Defendant Felchner's unlawful stop of Plaintiff's vehicle on August 10 and his resulting unlawful arrest.

Plaintiff has demanded a trial by jury. Plaintiff submits that a jury could find the facts as stated above, and, could determine that no reasonable person would have found probable cause to exist to substantiate Defendant Sweeney's actions. Summary judgment is only proper when the pleadings transcripts, affidavits and exhibits of record viewed in the light most favorable to the nonmoving party, establish no material issue of fact.  ( citation )   Further, all reasonable implications of fact are to be resolved in favor of the nonmoving party.  ( citation ) . Finally, the undisputed facts must allow for no other outcome, than dismissal.  ( citation ) .

Qualified immunity is intended to strike a balance between compensating those who have been injured b official conduct and protecting government's ability to perform its traditional function. Wyatt v Cole, 504 U.S. 158, 167 (1992). The qualified immunity doctrine remains

faithful to the common law background of Section 1883, which protected societal values by limiting official liability for good faith, reasonable conduct.  Taylor v Riojas, et al, No. 19 – 1261, U.S. Supreme Court, June 2020.

Defendant Sweeney did not have probable cause to revoke Plaintiff's license plates and registration, nor, to enter the vehicle as stolen on LEADS.  Nor, would any reasonable person have found probable cause to determine that Plaintiff had committed a crime.  Defendant Sweeney had made up her mind before ever speaking to Plaintiff and no offered proof of payment by Plaintiff would have changed her determination that Lofton's signature on the application for new title was forged.  One is not obliged under the law to enter into a useless act.

In short, a jury could find that no reasonable person would have persisted in reporting the vehicle stolen after August 6, 2018, barring Defendant's defense of qualified immunity.

WHEREFOR, Plaintiff Andrew White respectfully requests the Court to deny Defendant Sweeney's Motion For Summary Judgment.

Respectfully submitted,

ANDREW WHITE, Plaintiff

By: _Andrew White_
ANDREW WHITE

ANDREW WHITE, Pro Se
1751 NORTH GRAND AVE. WEST, LOT 101
SPRINGFIELD, IL 62702

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the following persons at the addresses hereinafter shown on_____May_____, 2021, by:

✓        U.S. Mail, by enclosing the same in an envelope with first class postage fully prepaid, addressed as shown below and depositing same in the United States Post Office in Jacksonville, Illinois.

_____      Certified/Return Receipt Requested      _____ FAX - No. _____

_____      Hand Delivery      _____ Overnight Courier

_____      Federal Express      _____ Other _Email_____

Ms. Shannon Lynn Fruth
Illinois Attorney General
500 S. Second St.
Springfield, IL 62706
sfruth@atg.state.il.us

Mr. Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
cpierce@piercelawpc.com

_for Andrew White_____
ANDREW WHITE

ANDREW WHITE, Pro Se
1751 NORTH GRAND AVE. WEST, LOT 101
SPRINGFIELD, IL 62702

E-FILED
Monday, 10 May, 2021  05:09:53 PM
Clerk, U.S. District Court, ILCD

Andrew White
3:19-CV-03181-SEM-TSH

U. S. District Clerk