E-FILED
Thursday, 29 July, 2021 12:55:28 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **ANDREW WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:19-CV-3181** |
| | ) | |
| **JOSEPH FELCHNER and** | ) | |
| **ELLEN SWEENEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motions for Summary Judgment filed by Defendant Joseph Felchner (d/e 32) and Defendant Ellen Sweeney (d/e 43). Because the undisputed facts demonstrate Defendants had probable cause and are, alternatively, entitled to qualified immunity, the motions are GRANTED.

## I. INTRODUCTION

On July 13, 2019, pro se Plaintiff Andrew White filed this cause of action against Defendants Ellen Sweeney, an Illinois Secretary of State Police Investigator, and Joseph Felchner, a

Rochester, Illinois Police Officer. <u>See</u> d/e 1. Plaintiff alleged Defendants violated his civil rights when he was arrested after his ex-girlfriend, Christine Lofton, accused him of stealing the title of her vehicle, a 1995 Mercury Marquis, and having the vehicle registered in his name. Plaintiff's Complaint raised the following claims against Defendant Sweeney: "deceptive practices, defamation of character, [and] police misconduct." <u>See</u> d/e 1 at 2. Plaintiff alleged false arrest and police misconduct against Defendant Felchner. <u>See</u> d/e 1 at 2.

Defendants have now moved for summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. <u>Carroll v. Lynch</u>, 698 F.3d 561,

564 (7th Cir. 2012).  When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor.  Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

### III. PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 7.1(D)

Plaintiff failed to comply with Local Rule 7.1(D), as he did not respond to each statement of undisputed fact listed by Defendants and support the claim the fact is disputed with evidentiary documentation referenced by specific page.  See CDIL-LR 7.1(D)(2)(b)(2), (3).  "A failure to respond to any numbered fact will be deemed an admission of the fact." CDIL-LR 7.1(D)(b)(6).  See McCurry v. Kenco Logistics Servs., LLC, 942 F.3d 783, 787 (7th Cir. 2019) (approving district court's strict compliance of Rule 7.1(D) against a pro se litigant).

Plaintiff was on notice of what was required of him when responding to the motions for summary judgment. In November 2020, when the Court denied Defendant Felchner's first motion for summary judgment as premature, the Court admonished Plaintiff

that he must follow Local Rule 7.1(D) when responding to a motion for summary judgment and must file any documentation he references in his response. Opinion at 6 (d/e 29). In addition, on the date Defendant Felchner filed his second motion for summary judgment, he also filed a Notice Regarding Motion for Summary Judgment which explained Rule 56 and the need to submit affidavits or other documentary evidence contradicting Defendant's claims. Notice at 1 (d/e 35).  Finally, on January 5, 2021 and February 25, 2021, the Clerk sent Plaintiff notice that his responses to the motions for summary judgment must set forth facts showing a genuine issue of material fact for trial. Letter (d/e 37, 45).  The Letter advised Plaintiff that if he did not submit affidavits or other documentary evidence contradicting the Defendant's assertions, the Defendant's statement of facts would be accepted as true for purposes of summary judgment. Id.  Therefore, because Plaintiff did not respond to the statements of undisputed facts in conformance with Local Rule 7.1(D), the Court accepts as true, for purposes of summary judgment, those facts that Defendants properly supported.

Plaintiff also submitted additional facts in his response to Defendant Sweeney's motion, but he did not support those facts with evidentiary documentation referenced by specific page. See CDIL-LR 7.1(D)(2)(b)(5).  The Court will consider only those additional facts that are supported by his deposition (attached to Defendants' motions for summary judgment) when reviewing Defendant Sweeney's motion.  Those facts include that Plaintiff was in a dating relationship with Christine Lofton and he lived with Lofton.  Plaintiff purchased the vehicle from Lofton on July 10, 2018 for $1,000.  Plaintiff submitted an application for new title on July 13, 2018.  He also was issued a registration certificate for the vehicle and obtained insurance.  On July 19, 2018, Plaintiff and Lofton got into a heated argument and Plaintiff decided to leave for a couple of days to let Lofton cool down.  Plaintiff called the Rochester police to oversee his peaceful removal of his personal property from the premises.  Later that same evening, Plaintiff returned to obtain the vehicle while Lofton was at work.

## IV. UNDISPUTED FACTS

The following facts are taken from Defendants' statements of undisputed fact.

On June 5, 2018, Christine Lofton purchased a 1995 Mercury Grand Marquis and submitted her title application on the same day.  The title was only in her name.

On July 25, 2018, Christine Lofton filed an official complaint with the Illinois Secretary of State Police alleging that Plaintiff stole the Mercury on July 19, 2018.  Lofton called the Illinois Secretary of State and reported that Plaintiff filled out an application for the title to the Mercury.  Lofton did not receive the title by mail and thought Plaintiff may have taken the title out of the mailbox.  Plaintiff submitted a title application for the Mercury around July 10, 2018.[1]

An investigation was opened, and the matter was assigned to Defendant Ellen Sweeney, an investigator with the Illinois Secretary of State Police.  On August 2, 2018, Defendant Sweeney spoke with Lofton and requested paperwork to demonstrate her ownership of the Mercury.  Lofton presented Sweeney with the receipt for the purchase.  Lofton also gave Sweeney a copy of the Springfield Police report for the stolen Mercury.

---

[1] The Court notes that Plaintiff testified he submitted the application for title on July 13, 2018. Pl. Dep. at 14.  However, the exact date—whether the 10th or the 13th—is immaterial.

Defendant Sweeney examined Lofton's title application and title and the title Plaintiff submitted, which allegedly contained Lofton's signature. Based on sixteen years of experience, Defendant Sweeney believed Lofton's signature was forged on the title application Plaintiff submitted.

On August 2, 2018, the Mercury's title was ordered revoked. The request was signed and ordered by Defendant Sweeney and her supervisor. The license plates of the Mercury were also ordered revoked.

On August 3, 2018, Defendant Sweeney went to Plaintiff's address in Chatham and spoke with Plaintiff's mother. Plaintiff's mother indicated Plaintiff did not reside at the address. Ten minutes later, Plaintiff contacted Defendant Sweeney by telephone. Defendant Sweeney told Plaintiff there was a discrepancy regarding ownership of the Mercury and she needed to see his ownership documents. Plaintiff disagreed that he needed to comply with Defendant's Sweeney's request. Plaintiff indicated he had registration for the Mercury but never received the title. Plaintiff initially agreed to meet Defendant Sweeney on August 4 but called back an hour later to say he knew there was a warrant out for his

arrest and he would not be meeting with her.  Defendant Sweeney told him that if he refused to meet with her, she would enter the vehicle in LEADS (the Law Enforcement Agencies Data System) as stolen.  Thereafter, based on a totality of the circumstances, including Plaintiff's refusal to demonstrate ownership of the Mercury, Defendant Sweeney entered the vehicle in LEADS as stolen.

After learning from Plaintiff that there was an active warrant for Plaintiff's arrest, Defendant Sweeney ran Plaintiff's information in LEADS, which indicated there was an active warrant from the Sangamon County State's Attorney Office for theft of the Mercury. Defendant Sweeney spoke with the Cass County Sheriff's office to see if a deputy or Beardstown police officer would check the JBS parking lot for the vehicle, as Plaintiff indicated he worked there. Beardstown police checked the JBS parking lots and could not locate the Mercury.  Defendant Sweeney was told by the Beardstown police that Plaintiff had been fired and had not been in the facility since July 27, 2018.

On August 6, 2018, Plaintiff called Defendant Sweeney and told her he had contacted the State's Attorney's Office and the

warrant for his arrest was quashed.  Defendant Sweeney again asked Plaintiff if he was willing to meet to provide ownership documents for the Mercury.  Plaintiff indicated he had the title for the Mercury and that was all he needed.  However, the Illinois Secretary of State never issued him a title.  Defendant Sweeney informed Plaintiff she was aware he no longer worked at JBS, and Plaintiff became agitated.  Defendant Sweeney instructed Plaintiff to meet with her so the vehicle would not be considered stolen. Plaintiff began yelling and using profanity.  Defendant Sweeney ended the call.

On August 10, 2018, Defendant Sweeney received a phone call from Lofton.  Defendant Sweeney told Lofton the vehicle was entered into LEADS as stolen and that Plaintiff refused to provide ownership documents for the same.

On August 10, 2018, Defendant Joseph Felchner, a police officer for the Village of Rochester, Illinois, executed a traffic stop on a 1995 Mercury driven by Plaintiff.  Defendant Felchner contacted Sangamon County dispatch to confirm the information showing on his computer—that the vehicle was reported stolen—was accurate. Sangamon County dispatch advised Defendant Felchner that the

vehicle was stolen.  Sangamon County dispatch contacted
Defendant Sweeney, who confirmed the vehicle was considered
stolen.  In addition, Defendant Sweeney personally got on the radio
and spoke with Defendant Felchner, confirming the vehicle was
listed as stolen.  Defendant Sweeney also confirmed to dispatch
that she had been in contact with Plaintiff and Plaintiff was aware
the vehicle was stolen.

Plaintiff was taken into custody and charged with possession
of a stolen vehicle, driving with revoked registration, failure to
surrender revoked registration, and operating a vehicle with
revoked title.  On August 20, 2018, Plaintiff was mailed the order of
revocation notifying him that the license plate for the Mercury had
been revoked.  The Court takes judicial notice that the criminal
charges were later dismissed.  See
www.records.sangamoncountycircuitclerk.org, Case Nos. 2018-TR-
020482, 2018-TR-020483, 2018-TR-020178; see also, e.g., In re
Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of
state-court dockets and opinions).

# V. ANALYSIS

Defendants argue they are entitled to summary judgment because they had probable cause to arrest or initiate the arrest of Plaintiff.  Alternatively, Defendants argue they are entitled to qualified immunity.

## A.    Legal Standard for Probable Cause and Qualified Immunity

Probable cause is an absolute defense to any § 1983 claim for false arrest.  Abbott v. Sangamon Cty., Ill., 705 F.3d 706, 713-14 (7th Cir. 2013).  Probable cause exists when the facts and circumstances within the officer's knowledge would warrant a reasonable person to believe that the arrestee committed, is committing, or is about to commit an offense.  Id. at 714; see also Michigan v. DeFillippo  443 U.S. 31, 37 (1979).  Whether an arrest is supported by probable cause is usually a question of fact decided by the jury.  Abbott, 705 F.3d at 714.  However, if the underlying facts are undisputed, the court can make that decision on summary judgment. Id.

Probable cause requires only a substantial chance or probability of criminal activity.  Purvis v. Oest, 614 F.3d 713, 722-23 (7th Cir. 2010) (holding that "[t]he evidence need not show that

the officer's belief is more likely true than false"). The inquiry is an objective one, and the officer's subjective state of mind is irrelevant. Abbott, 705 F.3d at 714. "The reasonableness of the seizure turns on what the officer knew, not whether he knew the truth or whether he should have known more." Carmichael v. Village of Palatine, Ill., 605 F.3d 451, 457 (7th Cir. 2010).

The existence of probable cause depends on the elements of the criminal offense for which Plaintiff was arrested. Abbott, 705 F.3d at 715. However, an arrest can be supported by probable cause that the arrestee committed any crime. Id.

Qualified immunity provides an additional level of protection to officers. Abbott, 705 F.3d at 714. In a false-arrest case, when there is no probable cause, a defendant is entitled to qualified immunity if "'a reasonable officer could have mistakenly believed that probable cause existed.'" Fleming v. Livingston Cty., Ill., 674 F.3d 874, 880 (7th Cir. 2012) (quoting Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998)). This is sometimes called "arguable probable cause" and protects officers who reasonably but mistakenly believe that probable cause exists. Abbott, 705 F.3d at

714; see also Cibulka v. City of Madison, 992 F.3d 633, 638 (7th Cir. 2021).

## B. Defendant Felchner Had Probable Cause to Arrest Plaintiff or, Alternatively, Had Arguable Probable Cause

Defendant Felchner argues he had probable cause to arrest Plaintiff for possession of a stolen vehicle based on the information provided to him.  Alternatively, Defendant Felchner argues he is entitled to qualified immunity.

Plaintiff responds that Defendant Felchner knowingly and willfully acted unlawfully with the intent to deprive Plaintiff of his civil rights and knowingly aided and assisted defendant Sweeney in her unlawful acts in making the false arrest.  Pl. Mem. (d/e 49).  He attaches no affidavits or other documentary evidence or any further analysis.

Plaintiff has failed to raise any material fact calling into question Defendant Felchner's claim that he had probable cause to arrest Plaintiff.  A person commits the offense of possession of a stolen motor vehicle when he is in possession of a motor vehicle, the vehicle was stolen, and the defendant knew it was stolen.  625

ILCS 5/5-103(a)(1); <u>People v. Frazier</u>, 2016 IL App (1st) 140911, ¶ 12.

It is undisputed that Defendant Felchner ran the license plates of the Mercury Plaintiff was driving and the computer system showed the Mercury was reported stolen. Defendant Felchner contacted Sangamon County dispatch to confirm the information. Dispatch contacted Defendant Sweeney, who confirmed to dispatch and Defendant Felchner that the vehicle was considered stolen. Defendant Sweeney also told dispatch that she had been in contact with Plaintiff and he was aware the vehicle was stolen.

Police officers are entitled to rely on the reasonable information relayed to them from police dispatch or from LEADS. <u>See</u> <u>United States v. Mounts</u>, 248 F.3d 712, 715 (7th Cir. 2001) ("[P]olice officers are entitled to rely on the reasonable information relayed to them from a police dispatcher" and whether the officers were given inaccurate information is immaterial); <u>Dakhlallah v. Zima</u>, 42 F. Supp. 3d 901, 908-09 (N.D. Ill. 2014) (noting a reasonable officer would have relied on LEADS when making a probable cause determination, despite the plaintiff's claim that the order of protection had been vacated); <u>see also, e.g.</u>, <u>Dorato v.</u>

Smith, 108 F. Supp. 3d 1064, 1143–44 (D.N.M. 2015) (noting that several courts have held an officer has probable cause to arrest the driver of the vehicle for stealing the vehicle or knowingly operating a stolen vehicle if the vehicle has been reported stolen, citing cases).

Further, Defendant Sweeney had, prior to the arrest, personally contacted Plaintiff and told Plaintiff the vehicle had been stolen.  The knowledge of Defendant Sweeney – that Plaintiff had been told the vehicle was stolen – can be imputed to Defendant Felchner under the collective knowledge doctrine. See United States v. Sawyer, 224 F.3d 675, 680 (7th Cir. 2000) (when officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officers under the collective knowledge doctrine); Torry v. City of Chicago, 932 F.3d 579, 586 (7th Cir. 2019) (collective knowledge doctrine applies even when the communication is by dispatch rather than face-to-face).

Based on these undisputed facts, a reasonable person in Defendant Felchner's position would have believed Plaintiff committed the offense of possession of a stolen vehicle.  Because Defendant Felchner had probable cause to arrest Plaintiff, he is entitled to summary judgment.

Moreover, even if Defendant Felchner did not have probable cause to arrest Plaintiff for possession of a stolen vehicle, he is entitled to qualified immunity because he had arguable probable cause for his actions.  A reasonable officer in the same circumstances and with the same knowledge as Defendant Felchner could have reasonably believed probable cause existed in light of well-established law.  See, e.g., Holmes v. City of Chicago, 63 F. Supp. 3d 806, 816–17 (N.D. Ill. 2014) (officers who relied on another officer's signal that the plaintiff solicited her for sex had probable cause, or, alternatively, were entitled to qualified immunity); Sutherland v. Bubrick, 2002 WL 31870160, *3 (N.D. Ill. Dec. 23, 2002) (finding the officer was entitled to qualified immunity because a reasonable officer was, under the circumstances, entitled to "rely on the LEADS report rather than credit the claims of innocence of the arrestee or his ex-wife, at least not without further documentation").  Therefore, Defendant Felchner's motion for summary judgment is granted.

**C.    Defendant Sweeney Had Probable Cause to Initiate Plaintiff's Arrest or, Alternatively, Had Arguable Probable Cause**

Both Defendant Sweeney and Plaintiff characterize Plaintiff's claim against Defendant Sweeney as a § 1983 false arrest claim. See Pl. Mem. at 1 (d/e 48); Def. Sweeney Mem. at 7 (d/e 44). The Court will proceed under that theory.

Defendant Sweeney argues she had probable cause to initiate the arrest of Plaintiff by entering the Mercury in LEADS as stolen. She alternatively argues she is entitled to qualified immunity.

Plaintiff argues the title and registration to the vehicle was improperly revoked and his vehicle was improperly entered into LEADS as stolen, leading to his arrest. He contends Defendant Sweeney lacked probable cause to report the vehicle as stolen in light of her knowledge that Plaintiff had a viable claim of ownership to the vehicle. He argues qualified immunity should not apply because Defendant Sweeney's actions were "palpably unreasonable."

Plaintiff fails to raise a genuine issue regarding whether Defendant Sweeney had probable cause to initiate Plaintiff's arrest by revoking the Mercury's title and registration and entering the

Mercury in LEADS as stolen. The undisputed facts show it was reasonable to rely on Lofton's complaint that Plaintiff stole her vehicle, and, therefore, Defendant Sweeney had probable cause.

Probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." United States v. Moore, 215 F.3d 681, 685 (7th Cir. 2000) (internal quotation marks and citation omitted). A report from a credible victim can provide the basis for probable cause, unless there is evidence the information or person providing the information is not credible. Pasiewicz v. Lake Cty. Forest Pres. Dist., 270 F.3d 520, 524 (7th Cir. 2001). If there is evidence that would lead a reasonable officer to be suspicious, then the officer has a duty to pursue reasonable avenues of investigation and may not close her eyes to facts that would clarify the situation. Zitzka v. Village of Westmont, 743 F. Supp. 2d 887, 908 (N.D. Ill. 2010).

Defendant Sweeney first argues independent probable cause existed because the Sangamon County State's Attorney's Office had already issued a warrant for Plaintiff's arrest based on the theft of the Mercury and there is no evidence that she knew the warrant

was issued without probable cause.  However, taking the facts in the light most favorable to Plaintiff, it appears Defendant Sweeney entered the vehicle in LEADS as stolen before running Plaintiff's information in LEADS and determining there was an active warrant. See Def. Sweeney Facts No. 15, 16.  Moreover, Defendant Sweeney states in her Affidavit that Plaintiff told her on August 6, 2018 that the warrant was quashed.  She later confirmed this, although when she confirmed it is not disclosed, and she did not remove the information she entered into LEADS about the vehicle being stolen. Therefore, the Court does not find that the warrant provides independent probable cause for Defendant Sweeney's actions.

However, the Court finds Defendant Sweeney had probable cause based on the totality of the circumstances.  Defendant Sweeney had a report from a credible witness but also conducted additional investigation that supported the report.  It is undisputed that Lofton filed an official complaint with the Illinois Secretary of State, which indicated Lofton believed Plaintiff stole her Mercury on July 19, 2018.  Lofton also called the Illinois Secretary of State and reported that Plaintiff had filled out an application for title to her Mercury.  She did not receive the title by mail and thought Plaintiff

may have taken the title out of the mailbox when the application was filled out.

It is also undisputed that Lofton provided to Defendant Sweeney a receipt for the purchase of the Mercury to prove ownership and a copy of the Springfield Police report for the stolen Mercury.  Lofton submitted her title application for the vehicle on June 5, 2018, the same day she purchased the vehicle, and titled it only in her name.

Further, Defendant Sweeney examined Lofton's title application and title and the title Plaintiff submitted that allegedly contained Lofton's signature.  Based on sixteen years of experience, Defendant Sweeney believed Lofton's signature was forged on the title application Plaintiff submitted. Defendant Sweeney then requested the Mercury's title and plates be revoked.  Only after contacting Plaintiff, who was unable or unwilling to provide evidence that he owned the vehicle, did Defendant Sweeney enter the vehicle in LEADS as stolen.  These undisputed facts establish that a reasonable person in Defendant Sweeney's position would have believed the vehicle was stolen by Plaintiff and in Plaintiff's

possession, thus justifying revocation of the title and plates obtained by Plaintiff and entering the vehicle in LEADS as stolen.

Plaintiff argues Defendant Sweeney's sixteen years' experience is insufficient foundation to determine a forgery, revoke Plaintiff's plates and registration, and enter the vehicle in LEADS as stolen. However, probable cause does not require evidence sufficient to support a conviction.  Holmes v. Village of Hoffman Estates, 511 F. 3d 673, 679 (7th Cir. 2007).  That Defendant Sweeney believed the signature was forged is sufficient to support the probable cause determination, absent evidence that the belief was unreasonable. See, e.g., Abbott, 705 F.3d at 716 (noting the plaintiff made no argument it was unreasonable for the officer to rely on the information from other officers and made no claim the other officers were not reasonably credible). Plaintiff points to no such evidence.

Plaintiff further asserts Defendant Sweeney did not have probable cause because Plaintiff had a viable claim of ownership. Plaintiff claims he purchased the vehicle from Lofton shortly before they separated and it "was not a situation as between strangers where one would have expected the parties to formalize a purchase between them." Pl. Resp. at 7 (d/e 48).  He also notes Lofton

reported only "believing" Plaintiff took the title from her mailbox and she waited six days after Plaintiff removed the vehicle from her premises before reporting the vehicle stolen. Plaintiff further asserts that Lofton's receipt for purchase predated Plaintiff's application for new title by about 45 days, which only established she was a prior owner of the vehicle.

The additional facts cited by Plaintiff do not affect the probable cause determination or create a genuine issue of material fact. Probable cause does not require certainty or even that it is more likely than not that a crime has been committed. Hanson v. Dane County, Wis., 608 F.3d 335, 338 (7th Cir. 2010) (the fact that there were other possibilities for why there was no answer when the 911 dispatcher returned an incomplete emergency call did not defeat probable cause). "A person's ability to explain away seemly damning facts does not negate the existence of probable cause, even though it might provide a good defense should the case go to trial." Deng v. Sears, Roebuck & Co., 552 F.3d 574, 577 (7th Cir. 2009). In fact, many accused individuals protest their innocence, but law enforcement officers are not required to test such claims once probable cause has been established. Speigel v. Cortese, 196 F.3d

717, 724 (7th Cir. 1999). The "Constitution permits [police] to initiate the criminal process and leave the sifting of competing claims and inferences to detectives, prosecutors, judges, and juries in the criminal prosecution." Askew v. City of Chicago, 440 F.3d 894, 896 (7th Cir. 2006) (noting the inconsistencies to which the plaintiff pointed were normal and did not affect the uncontested facts that supplied probable cause for the plaintiff's arrest). Given the undisputed facts – that Lofton filed an official complaint and presented proof of ownership, along with Defendant Sweeney's belief that Lofton's signature was forged on Plaintiff's registration application and Plaintiff's refusal or inability to provide proof of ownership—a reasonable person would have probable cause to believe the vehicle was stolen even in the face of Plaintiff's denials.

Plaintiff also argues Defendant Sweeney had made up her mind before ever speaking to Plaintiff and that no proof of payment by Plaintiff would have changed her determination that Lofton's signature on the application for new title was forged. This is nothing more than speculation on Plaintiff's part. Moreover, the probable cause determination is an objective standard, and Defendant Sweeney's subjective beliefs are immaterial. See Abbott, 705 F.3d at

714 (an officer's subjective state of mind is irrelevant to the probable cause inquiry).  Probable cause is an absolute defense to a false arrest claim even if the officers acted upon a malicious motive. Mustafa v. City of Chicago, 442 F.3d 544, 548 (7th Cir. 2006).

Finally, Plaintiff notes he informed Defendant Sweeney that the warrant for his arrest was withdrawn but Defendant Sweeney refused to remove the report from LEADS that the vehicle was stolen. Because Defendant Sweeney had independent probable cause to believe Plaintiff committed a crime—separate and apart from the fact that a warrant was issued for Plaintiff's arrest by another entity—the removal of the arrest warrant from LEADS did not eliminate probable cause.

Alternatively, even if Defendant Sweeney lacked probable cause, she is entitled to qualified immunity. As noted above, qualified immunity is available if there is arguable probable cause for the arrest. Abbott, 705 F.3d at 714.

Here, Defendant Sweeney had arguable probable cause to initiate the arrest of Plaintiff, even if she was mistaken.  See Muhammad v. Pearson, 900 F.3d 898, 909 (7th Cir. 2018) (noting a reasonable officer can have probable cause even if she turns out to

have been mistaken and finding the officer had at least arguable probable cause and was entitled to qualified immunity).  Defendant Sweeney had the report from Lofton that Plaintiff stole her vehicle. Lofton had proof of purchase and applied for the vehicle's title on the date of purchase. Plaintiff applied for title only a little over a month after Lofton purchased the vehicle and refused or was unable to provide proof of ownership. Defendant Sweeney also compared Lofton's signatures and believed Lofton's signature on Plaintiff's title application was forged.

Based on these undisputed facts, a reasonable officer in the same circumstances and with the same knowledge as Defendant Sweeney could have reasonably believed that probable cause existed in light.  Spiegel, 196 F.3d at 723-26 (finding officer was entitled to qualified immunity even though the victim waited nearly a month to make a report and there were inconsistencies in the report and where there was evidence the victim's charge against the plaintiff was retaliatory).

For all these reasons, Defendant Sweeney is entitled to summary judgment.

## VI. CONCLUSION

For the reasons stated, Defendant Joseph Felchner's Motion for Summary Judgment (d/e 32) and Defendant Ellen Sweeney's Motion for Summary Judgment (d/e 43) are GRANTED. The Clerk is DIRECTED to enter final judgment in favor of Defendants Joseph Felchner and Ellen Sweeney and against Plaintiff Andrew White. THIS CASE IS CLOSED.

**ENTERED: July 28, 2021**

**FOR THE COURT:**

  **s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**